UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIGOBERTO GALVAN ALCAZAR | No. 2:15-cv-2203-KJN |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff Rigoberto Galvan Alcazar seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying plaintiff's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act").[1] In his motion for summary judgment, plaintiff principally contends that the Commissioner erred by finding that plaintiff was not disabled from August 14, 2008, his alleged disability onset date, through March 31, 2013, plaintiff's date last insured. (ECF No. 20.) The Commissioner opposed plaintiff's motion and filed a cross-motion for summary judgment. (ECF No. 27.) Thereafter, plaintiff filed a reply brief. (ECF No. 30.)

---

[1] This action was referred to the undersigned pursuant to Local Rule 302(c)(15), and both parties voluntarily consented to proceed before a United States Magistrate Judge for all purposes. (ECF Nos. 6, 9.)

1

After carefully considering the record and the parties' briefing, the court GRANTS IN PART plaintiff's motion for summary judgment, DENIES the Commissioner's cross-motion for summary judgment, and REMANDS the action for further administrative proceedings consistent with this order.

I.   BACKGROUND

Plaintiff was born on December 26, 1963, has a sixth grade education, speaks Spanish and only a little bit of English, and previously worked as a cement mason. (Administrative Transcript ("AT") 14, 17, 27-28, 36, 129, 152.)[2] On September 12, 2012, plaintiff applied for DIB, alleging that his disability began on August 14, 2008, and that he was disabled primarily due to lower back pain. (AT 11, 129, 151, 157.) After plaintiff's application was denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge ("ALJ"), which took place on January 13, 2014, and at which plaintiff, represented by an attorney, and a vocational expert ("VE") testified. (AT 11, 23-43.) The ALJ subsequently issued a decision dated February 21, 2014, determining that plaintiff had not been under a disability, as defined in the Act, from August 14, 2008, plaintiff's alleged disability onset date, through March 31, 2013, plaintiff's date last insured. (AT 11-18.) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on August 27, 2015. (AT 1-3.) Plaintiff then filed this action in federal district court on October 22, 2015, to obtain judicial review of the Commissioner's final decision. (ECF No. 1.)

II.   ISSUES PRESENTED

On appeal, plaintiff raises the following issues: (1) whether the ALJ improperly rejected the opinion of plaintiff's chiropractor; (2) whether the ALJ's finding of transferrable skills is not properly supported by the record; and (3) whether plaintiff should be found disabled under the Grids.

---

[2] Because the parties are familiar with the factual background of this case, including plaintiff's medical and mental health history, the court does not exhaustively relate those facts in this order. The facts related to plaintiff's impairments and treatment will be addressed insofar as they are relevant to the issues presented by the parties' respective motions.

III. LEGAL STANDARD

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

IV. DISCUSSION

### Summary of the ALJ's Findings

The ALJ evaluated plaintiff's entitlement to DIB pursuant to the Commissioner's standard five-step analytical framework.[3] As an initial matter, the ALJ determined that plaintiff met the

---

[3] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program. 42 U.S.C. §§ 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. §§ 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing her past relevant work? If so, the

3

insured status requirements of the Act for purposes of DIB through March 31, 2013. (AT 13.) At the first step, the ALJ concluded that plaintiff had not engaged in substantial gainful activity from August 14, 2008, his alleged disability onset date, through March 31, 2013, his date last insured. (Id.) At step two, the ALJ found that plaintiff had the following severe impairment through the date last insured: degenerative disc disease. (Id.) However, at step three, the ALJ determined that, through the date last insured, plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Id.)

Before proceeding to step four, the ALJ assessed plaintiff's residual functional capacity ("RFC") as follows:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform a wide range of medium work as defined in 20 CFR 404.1567(c). The claimant is able to lift and carry 50 pounds occasionally, 25 pounds frequently, sit six hours, and stand and walk each for six hours during a normal eight hour workday. The claimant is able to frequently stoop. He has very limited ability to communicate in English.

(AT 13-14.)

At step four, the ALJ determined that, through the date last insured, plaintiff was unable to perform any past relevant work. (AT 17.) However, at step five, the ALJ found that, in light of plaintiff's age, education, work experience, transferable skills, and RFC, and based on the VE's testimony, there were jobs that existed in significant numbers in the national economy that plaintiff could have performed through the date last insured. (Id.) Thus, the ALJ concluded that

---

claimant is not disabled. If not, proceed to step five.

Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

4

plaintiff had not been under a disability, as defined in the Act, from August 14, 2008, plaintiff's alleged disability onset date, through March 31, 2013, plaintiff's date last insured.  (AT 18.)

Plaintiff's Substantive Challenges to the Commissioner's Determinations

*Whether the ALJ improperly rejected the opinion of plaintiff's chiropractor*

As noted above, plaintiff argues that the ALJ improperly rejected the opinion of plaintiff's chiropractor, Dr. Antonio Soto.

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals.  Holohan v. Massanari, 246 F.3d 1195, 1201-02 (9th Cir. 2001); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).  Generally speaking, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion carries more weight than a non-examining physician's opinion. Holohan, 246 F.3d at 1202.

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions.  An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons.  Lester, 81 F.3d at 830-31.  In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons.  Id. at 830.  While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (supported by different independent clinical findings), the ALJ may resolve the conflict.  Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).  The regulations require the ALJ to weigh the contradicted treating physician opinion, Edlund, 253 F.3d at 1157,[4] except that the ALJ in any event need not give it any weight if it is conclusory and supported by minimal clinical findings. Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (treating physician's conclusory, minimally

---

[4] The factors include:  (1) length of the treatment relationship; (2) frequency of examination; (3) nature and extent of the treatment relationship; (4) supportability of diagnosis; (5) consistency; and (6) specialization.  20 C.F.R. § 404.1527.

1   supported opinion rejected); see also Magallanes, 881 F.2d at 751.  The opinion of a non-
2   examining professional, by itself, is insufficient to reject the opinion of a treating or examining
3   professional.  Lester, 81 F.3d at 831.

4       In this case, plaintiff injured his back at work on August 14, 2008, while lifting a 300
5   pound roll of metal wire mesh.  (AT 197.)  The record demonstrates that, although plaintiff
6   received treatment and consultations from various physicians following the accident, he was
7   treated fairly consistently by his chiropractor, Dr. Soto, over several years.  On January 9, 2014,
8   Dr. Soto completed a form diagnosing plaintiff with lumbar disc extrusion, and opining *inter alia*
9   that plaintiff could only stand and walk for about 2 hours a day; sit for about 2 hours a day; could
10  never stoop or crouch; and would be absent from work more than four times per month.  (AT
11  400-02.)  Although, as the ALJ observed, a chiropractor is not an "acceptable medical source"
12  under the Commissioner's regulations to establish whether a claimant has a medically
13  determinable impairment, Dr. Soto is nonetheless qualified to opine as to the severity of
14  plaintiff's impairments and how they affect his ability to work.  (AT 16.)  See 20 C.F.R. §
15  404.1513(a), (d).

16      In giving little weight to Dr. Soto's opinion, the ALJ substantially relied on the opinion of
17  consultative examiner Dr. Jonathan Schwartz, who examined plaintiff on January 26, 2013.  (AT
18  16-17, 289-92.)  Dr. Schwartz diagnosed plaintiff with lower back pain, likely secondary to strain
19  and degenerative disc disease, with possible lumbar radiculopathy; and opined that plaintiff could
20  stand and walk for up to 6 hours a day, sit without limitation, lift and carry 50 pounds
21  occasionally and 25 pounds frequently, and stoop frequently.  (AT 292.)  Ordinarily, because a
22  consultative examiner personally examines the claimant, his or her opinion would be substantial
23  evidence on which the ALJ is entitled to rely.  However, in this case, the court notes that Dr.
24  Schwartz was not provided with plaintiff's prior medical records—only a partial Social Security
25  Administration disability report.  (AT 289.)

26      The regulations require that a consultative examiner be given any necessary background
27  information about the plaintiff's condition.  20 C.F.R. § 404.1517.  To be sure, in some cases, the
28  failure to provide prior records to a consultative examiner may be harmless when the record as a

whole is considered.  However, the court cannot confidently draw such a conclusion here.  The record in this case contains fairly extensive treatment notes and clinical findings by Dr. Soto and other providers, as well as objective imaging studies.  By way of example, an October 1, 2008 MRI noted a disc protrusion at L4-5 on the left side compressing the exiting L3, L4, and descending L5 nerve roots.  (AT 385.)  A subsequent MRI reviewed in July 2011 showed degenerative disc disease at L4-5 and L5-S1 with no evidence of nerve root compression, and with the previous large extruded disc herniation no longer present.  (AT 382.)  In a July 11, 2012 evaluation by orthopedic surgeon Dr. Jeffrey Holmes, who was an agreed medical evaluator in plaintiff's worker's compensation case, Dr. Holmes found that plaintiff should be precluded from lifting greater than 15 pounds at work as well as from repetitive bending and stooping.  (AT 204.)  In light of the above, it was imperative for Dr. Schwartz to review plaintiff's prior records in order to render a meaningful opinion concerning plaintiff's functional capacity.  Therefore, the court finds that the case should be remanded for a supplemental consultative examination, as outlined below.

The court declines plaintiff's invitation to remand the case for an award of benefits.  Generally, if the court finds that the ALJ's decision was erroneous or not supported by substantial evidence, the court must follow the "ordinary remand rule," meaning that "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation."  Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1099 (9th Cir. 2014).  A remand for an award of benefits is inappropriate where the record has not been fully developed or there is a need to resolve conflicts, ambiguities, or other outstanding issues.  Id. at 1101.

Here, although the court finds that Dr. Schwartz's opinion does not amount to substantial evidence for the reasons discussed above, the record contains significant ambiguities and other evidence that at least arguably raises serious doubts as to plaintiff's disability.  For example, even though Dr. Soto's treatment notes are extensive, he provides very little rationale for the severe limitations assessed in January 2014.  Even assuming *arguendo* that plaintiff was disabled for a certain period of time after the August 2008 work injury, the second July 2011 MRI appears to show substantial improvement and casts doubt on plaintiff's alleged continuing disability.

Additionally, in a follow-up November 29, 2012 letter, agreed medical evaluator Dr. Holmes ambiguously suggested that the restrictions identified in his prior July 11, 2012 report, referenced above, were "prophylactic restrictions, not necessarily functional limitations." (AT 363.) Another provider, neurosurgeon Dr. Karl Gregorius, after reviewing plaintiff's second July 2011 MRI, opined that plaintiff does not need a surgical intervention. (AT 382.) Finally, some of plaintiff's activities, such as his working in the garden, going to the flea market, attending soccer games, driving, and traveling to Mexico by car and/or plane about three times since his alleged disability onset date, also appear to conflict with Dr. Soto's severe limitations. (AT 14, 16, 30-31, 285.)

      Consequently, the court finds it appropriate to remand the action for further administrative proceedings—more specifically, for a supplemental consultative examination by an appropriate specialist who is provided full access to plaintiff's prior medical records. The ALJ may also further develop the record evidence, as deemed appropriate. Importantly, the court does not instruct the ALJ to credit any particular medical opinion, and the court expresses no opinion regarding how the evidence should ultimately be weighed, and any ambiguities or inconsistencies resolved, on remand. The ALJ may find plaintiff disabled, find plaintiff disabled for only a closed period of time, or may find plaintiff not disabled at all, provided that the decision is based on proper legal standards and supported by substantial evidence in the record as a whole.

*Other Issues*

      In light of the court's conclusion that the case should be remanded for a supplemental consultative examination, which will likely necessitate re-weighing of the medical evidence, the court declines to reach plaintiff's remaining issues. On remand, the ALJ will have an opportunity to reconsider those matters, if appropriate.

////

////

////

////

////

V.   CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 20) is GRANTED IN PART.
2. The Commissioner's cross-motion for summary judgment (ECF No. 27) is DENIED.
3. The final decision of the Commissioner is REVERSED, and the case is REMANDED for further administrative proceedings consistent with this order pursuant to sentence four of 42 U.S.C. § 405(g).
4. The Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated: April 4, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE